IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALENTINA ILIC,<br><br>    Plaintiff,<br><br>  v.<br><br>EVA AIRWAYS CORPORATION,<br>TOTAL AIRPORT SERVICES, LLC,<br>and LOT POLISH AIRLINES,<br><br>    Defendants. | Civil Action No.: 1:22-cv-05035<br><br>**Circuit Court of Cook County**<br>**No. 2021 L 008027** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1330, 1441(d), 1446, and 1603, and without waiving any rights, privileges, or defenses, or conceding that this is an appropriate forum for resolution of these claims, Defendant Polskie Linie Lotnicze Lot S.A., d/b/a LOT Polish Airlines ("LOT"), hereby files this Notice of Removal of the above-captioned case, bearing Case No. 2021 L 008027, from the Circuit Court of Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of the Notice of Removal, LOT shows as follows:

**State Court Litigation**

1.    This is a lawsuit by Valentina Ilic against EVA Airways Corporation, Total Airport Services, LLC, and LOT based on allegations that a container owned by Defendants became airborne and struck Plaintiff while she was in the passenger seat of a private vehicle, causing Plaintiff to sustain significant injuries.

2. Copies of all process, pleadings, and orders filed in the state court action are attached hereto as Exhibit A.

3. On August 9, 2021, the attached summons and complaint bearing Case No. 2021 L 008027 was filed in the Circuit Court of Cook County, Illinois County Department, Law Division. True and correct copies of the summons and complaint filed in the State Court are attached hereto at Exhibit A at 14.

4. On January 4, 2022, the first amended complaint at law bearing Case No. 2021 L 008027 was filed in the Circuit Court of Cook County, Illinois County Department, Law Division. A true and correct copy of the first amended complaint filed in the State Court is attached hereto at Exhibit A at 136.

5. On May 19, 2022, the second amended complaint at law bearing Case No. 2021 L 008027 was filed in the Circuit Court of Cook County, Illinois County Department, Law Division. A true and correct copy of the second amended complaint filed in the State Court is attached hereto at Exhibit B.

6. On July 7, 2022, Plaintiff failed to properly serve LOT with the second-amended complaint and summons.

7. On August 24, 2022, Counsel for Co-Defendant EVA Airways Corporation emailed the undersigned Counsel with a copy of Plaintiff's Motion for a Default Judgment which contained a copy of the Second Amended Complaint.

8. On August 24, 2022 undersigned counsel emailed the Second Amended Complaint to in house counsel for LOT.

9. Pursuant to 28 U.S.C. §§ 1330(a), 1441(d), and 1603, this Court has original jurisdiction over the entire action because Co-Defendant LOT is a "foreign state."

2

10. 28 U.S.C. § 1441(d) governs the removal of actions against foreign states. It provides that "[a]ny civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(d).

11. Section 1603(a) defines "foreign state" to include an "agency or instrumentality of a foreign state." *See* 28 U.S.C. § 1603(a).

12. Section 1603(b) defines an "agency or instrumentality of a foreign state" as any entity that: (1) is a "separate legal person, corporate or otherwise;" (2) is either "an organ of a foreign state or political subdivision" or "a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision;" and (3) is "neither a citizen of a State of the United States … nor created under the laws of any third country." *See* 28 U.S.C. § 1603(b); *see also Dole Food Co. v. Patrickson*, 538 U.S. 468, 477 (2003) ("A corporation is an instrumentality of a foreign state under the FSIA … if the foreign state itself owns a majority of the corporation's shares).

13. Plaintiff's action is brought against a "foreign state," as that term is defined in 28 U.S.C. § 1603(a), because:

    (a)    LOT was, at the time this action was commenced, and now, is a corporation duly organized and existing under and by virtue of the laws of Poland with its principal place of business in Warsaw, Poland;

    (b)    A majority of its capital shares are owned by a foreign state, namely, the State Treasury of Poland; and

    (c)    LOT is neither a citizen of the United States, as defined in 28 U.S.C. §§ 1332 (c) and (d), nor created under the laws of any third country.

*See Ryba v. Lot Polish Airlines*, No. 00-5976, 2001 WL 286731, at *1 (S.D.N.Y. March 22, 2001) (holding that "[LOT] is a 'foreign state' under the FSIA because a majority of its shares are owned by the Republic of Poland.").

14. Co-Defendant LOT therefore is entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441(d). Because LOT is entitled to remove this action pursuant to the provisions of the FSIA, no consent to removal is required of co-defendants EVA Airways Corporation and Total Airport Services.

15. Pursuant to 28 U.S.C. § 1441(d), a foreign sovereign that is a co-defendant and/or a third-party defendant in an action may remove the entire action to federal court. *See Jackson v. Resolution GGF Oy*, 136 F.3d 1130, 1132 (7th Cir. 1998) (noting that *Roselawn* supports removal of an entire civil action by foreign state); *In re Aircrash Disaster Near Roselawn, Indiana on October 31, 1994*, 909 F. Supp. 1083 (N.D. Ill. 1995), *aff'd sub nom. In re Air Crash Disaster Near Roselawn, Ind. on Oct. 31, 1994*, 96 F.3d 932 (7th Cir. 1996) (referencing *Nolan v. Boeing Co.*, 919 F.2d 1058, 1064-1065 (5th Cir. 1990)); *see also Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1375-76 (5th Cir. 1980) (cited in *Nolan*, 919 F.2d at 1065) (finding that FSIA requires removal of an entire action where a foreign sovereign is a party); *Chuidian v. Philippine Nat. Bank*, 912 F.2d 1095, 1099 (9th Cir. 1990) ("We agree … that section 1441(d) requires, in the case of a removal by a foreign sovereign, that the federal court initially exercise jurisdiction over claims against co-defendants even if such claims could not otherwise be heard in federal court.").

16. Here, it has been established that LOT is a foreign sovereign within the meaning of 28 U.S.C. § 1441(d). Accordingly, pursuant to the provisions of 28 U.S.C. § 1441(d), Co-

Defendant LOT is permitted to remove the entire action to the United States District Court for the Northern District of Illinois, Eastern Division.

17. Where removal is based upon 28 U.S.C. § 1603(a), the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown. 28 U.S.C. § 1441(d); *see also Leith v. Lufthansa German Airlines*, 793 F. Supp. 808, 810 (N.D. Ill. 1992) (discussing factors courts consider in determining whether cause has been shown, including the purpose of the FSIA removal provision, the progress of the state proceeding, any prejudice to the parties, and the effect on the substantive rights of the parties). Here, there has been minimal progress in the suit filed in State court, depositions have yet to be taken, motions have yet to be ruled upon, and there would not be any prejudice to the parties in granting the removal at this stage in the litigation.

**Filing of State Court Pleadings and Notice**

18. Pursuant to 28 U.S.C. § 1446(d), Co-defendant LOT is filing a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Law Division. A copy of the Notice of Filing of the Notice of Removal is attached hereto as Exhibit C.

WHEREFORE, pursuant to 28 U.S.C. §§ 1330, 1441(d), 1446, and 1603, and in conformance with the requirements set forth in 28 U.S.C. § 1446(b) and the Local Rules of the United States District Court for the Northern District of Illinois, Co-defendant LOT removes this entire action from the Circuit Court of Cook County, Illinois, County Department, Law Division, to this Court.

Dated: September 15, 2022	Respectfully Submitted,

By: /s/ *Brent R. Austin*

Anthony Battista, Esq.
abattista@condonlaw.com
Christopher Christensen, Esq.
cchristensen@condonlaw.com
CONDON & FORSYTH LLP
Times Square Tower
7 Times Square, 18th Floor
New York, New York 10036
Telephone: 212.490.9100

*Attorneys for Defendant*
LOT POLISH AIRLINES

-and-

Brent R. Austin, Esq.
baustin@eimerstahl.com
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: 312.660.7600

*Local Counsel for Defendant*
LOT POLISH AIRLINES

## **CERTIFICATION OF SERVICE**

I hereby certify that a copy of this **NOTICE OF REMOVAL** was served via email upon the following counsel of record on the 15th day of September, 2022:

Adriel Zupances
Tyshawn Chrisp
Law Office of Daniel E Goodman, LLC
10400 West Higgins Road, Suite 500
Rosemont, IL 60018
Phone: (847) 292-6000
Fax: (847) 292-0390
Email: azupances@danieloodmanlaw.com
Email: tchrisp@danielgoodmanlaw.com

*Attorneys for Plaintiff*
VALENTINA ILIC

T. Patrick Byrnes
Abigail Van Hook
LOCKE LORD LLP
111 South Wacker Drive
Suite 4100
Chicago, IL 60606
(312) 443-0700
Email: pbyrnes@lockelord.com
Email: Abigail.vanhook@lockelord.com

*Attorneys for Defendant*
TOTAL AIRPORT SERVICES

William Swallow, Esq.
Patrick M. Grand, Esq.
CLYDE & CO US, LLP
55 West Monroe, Suite 3000
Chicago, Illinois 60603
T: (312) 635-7000
F: (312) 635-6950
Email: bill.swallow@clydeco.us
Email: patrick.grand@clydeco.us

*Attorneys for Defendant*
EVA Airways Corporation USA, Inc.

_____
Anthony U. Battista